her negligence contributed to the accident and that upon this branch of the case the verdict of the jury is manifestly wrong, hence the mandate must be, Verdict set aside. Motion for new trial granted. *Frank A. Morey*, for plaintiff. *Tascus Atwood*, for defendant.

---

CLIFTON S. HUMPHREYS et al. *vs.* CHARLES E. OLIVER & SON, Inc.

Somerset County. Decided July 3, 1923. Motion for new trial by defendant. Having failed to convince the court that the verdict of the jury was manifestly wrong, the mandate must be, Motion overruled. *Bernard Gibbs*, for plaintiffs. *C. C. Holman and Gower & Shumway*, for defendant.

---

MRS. FRED F. O'BRIEN

*vs.*

INHABITANTS OF THE TOWN OF FARMINGTON.

Androscoggin County. Decided July 16, 1923. This was an action brought by the plaintiff against the town of Farmington to recover damages for personal injuries alleged to have been received on account of a defect in the sidewalk which it was the duty of the defendant town to keep in repair. The alleged defect was caused by a broken plank in the sidewalk, and the only question in controversy in the case is the date when the plank was broken and when the twenty-four hour notice of the defect was communicated to one of the selectmen.

The case involved pure questions of fact. The evidence was contradictory upon the vital issue. The finding of the jury depended absolutely upon whether the jury believed the evidence of the plaintiff and her witnesses or of the defendants and their witnesses. The

plaintiff and her husband both testified squarely that the plank was broken before Monday, October 24th, the day upon which the defendants claim that the plank was broken and the notice given. The jury saw and heard all the parties and decided the case in favor of plaintiff, and we are unable to discover any reason why the province of the jury in determining the issue between the parties should be interfered with. Motion overruled. *Benjamin L. Berman, Jacob H. Berman and William H. Hines,* for plaintiff. *Frank J. Butler and Sumner P. Mills,* for defendants.

---

## SARAH G. BLACK *vs.* EDGAR O. STEPHENSON.

Cumberland County. Decided July 16, 1923. On general motion for a new trial. The record presents only a question of fact, peculiarly within the province of the jury:—whether the plaintiff when she received her injury was an invitee of the defendant, in a place where she was invited to go, as a prospective customer, and was injured through the negligence of the defendant, or was injured in a place to which she was neither invited nor expected to go, but went against the warning of defendant.

The evidence was conflicting; the jury found for plaintiff after a charge in which the presiding Justice clearly defined the rights of the plaintiff as a prospective customer and the duty of the defendant towards her, both while and if, according to her contention, she was in a part of the premises to which the public was invited and to which the defendant led the way, and when and if she went against his warning, as claimed by defendant, into a narrow space not provided for the public, not apparently open to them, and into which the public were neither expected nor invited to go.

Upon the evidence as disclosed by the record we cannot say that the verdict was manifestly wrong, and therefore are not justified in disturbing the finding of the jury. Motion overruled. *William B. Mahoney,* for plaintiff. *Howard Davies,* for defendant.